**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| REESE BENALLY, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | |
| CITY OF ALBUEQUERQUE, a municipal entity; V. BACA, individually and in his official capacity as a police officer for the Albuquerque Police Department; E. WILENSKY, individually and in his official capacity as a police officer for the Albuquerque Police Department; B. JOHNSON, individually and in his official capacity as a police officer for the Albuquerque Police Department; and C. CORDOVA, individually and in his official capacity as a police officer for the Albuquerque Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Albuquerque Police Department, | |
| Defendants. | |

**<u>COMPLAINT FOR DAMAGES</u>**

42 U.S.C. § 1983: Fourth and Fourteenth Amendments

Pendent Tort Claims

**JURY TRIAL DEMANDED**

///

///

///

1

## INTRODUCTION

1.      This civil rights case arises out of the unjustified shooting of Resse Benally by Officers V. Baca, E. Wilensky, B. Johnson, and C. Cordova of the Albuquerque Police Department. In the evening of June 29, 2023, Mr. Benally was at the bus stop on Louisiana Boulevard near the intersection of Louisiana Boulevard and Lomas Boulevard in Albuquerque, New Mexico, when several marked patrol cars pulled in front of the bus stop coming from both sides of the street. Several Albuquerque police officers exited their patrol cars with their firearms drawn in the direction of the Bus Stop, where Mr. Benally was standing. Mr. Benally began moving away from the bus stop in fear of his life. Just as officers began saying "drop the knife," two volleys of gunshots rang out. Mr. Benally and two other men were struck with bullets. Mr. Benally suffered six (6) gunshot wounds, resulting in hospitalization and surgery.

2.      Mr. Benally had committed no crime and was unarmed. Mr. Benally posed no threat to the safety of any officer or other. The Defendant Officers' actions were unreasonable and excessive under the circumstances.

3.      Accordingly, this action seeks compensatory and punitive damages from Defendants for violating several of Mr. Benally's rights under the United States Constitution and state law in connection with the unreasonable use of force inflicted upon Mr. Benally.

## JURISDICTION AND VENUE

4.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the Albuquerque, New

Mexico, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## **PARTIES**

6.      Plaintiff REESE BENALLY (hereinafter "Plaintiff" or "Mr. Benally") is and was at all times mentioned herein, an individual residing in the state of New Mexico and is a United States Citizen.

7.      Defendant V. BACA (hereinafter "Defendant Baca") is and was at all times mentioned herein, a police officer for the Albuquerque Police Department, and is sued individually and in his official capacity.

8.      Defendant E. WILENSKY (hereinafter "Defendant Wilensky") is and was at all times mentioned herein, a police officer for the Albuquerque Police Department, and is sued individually and in his official capacity.

9.      Defendant B. JOHNSON (hereinafter "Defendant Johnson") is and was at all times mentioned herein, a police officer for the Albuquerque Police Department, and is sued individually and in his official capacity.

10.     Defendant C. CORDOVA (hereinafter "Defendant Cordova") is and was at all times mentioned herein, a police officer for the Albuquerque Police Department, and is sued individually and in his official capacity.

11.     Defendant CITY OF ALBUQUERQUE (hereinafter "Defendant City") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of New Mexico; and at all times mentioned herein, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Albuquerque Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City is and was the employer of DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant DOE Officers"), individually and in their official capacities as police officers for the Albuquerque Police Department.

12.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

13.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and

believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

14.    Plaintiff is required to comply with the administrative procedures set forth in the New Mexico Tort Claims Act. Plaintiff filed a claim against the City of Albuquerque on September 15, 2023. Plaintiff therefore exhausted all administrative remedies pursuant to Chapter 41, Article 4, section 16 of the New Mexico Statutes.

## PRELIMINARY ALLEGATIONS

15.    The City of Albuquerque is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, New Mexico state law, the New Mexico Tort Claims Act, and the Government Code, for the acts and omissions of Defendants DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant City, and acting within the course and scope of their employment and/or agency.

16.    Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert

5

with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control.

17.    Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant DOE Officer, individually, jointly, or severally.

## FACTUAL ALLEGATIONS

18.    On June 29, 2023, at or around 11:55 p.m., Plaintiff was standing at a bus stop on Louisiana Boulevard, when several Albuquerque police officers exited their patrol cars with their firearms drawn in the direction of the bus stop, where Mr. Benally was standing. Mr. Benally began moving away from the bus stop in fear of his life. Just as officers began saying "drop the knife," two volleys of gunshots rang out. Mr. Benally and two other men were struck with bullets. Mr. Benally suffered six (6) gunshot wounds, resulting in hospitalization and surgery.

19.    On information and belief, instead of providing medical care to Plaintiff, Defendants continued firing bullets in the direction of Mr. Benally who was unarmed and had committed no crime. As a result of Defendants' conduct, Plaintiff's injuries were exacerbated, thereby causing permanent, life-threatening, physical injuries, and extreme emotional anguish.

20.     Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers from symptoms including, but not limited to, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

21.     During the incident, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, inclusive, worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

22.     Moreover, each of the Defendant Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint. By failing to intervene, each of the Defendant Officers additionally violated Plaintiff's constitutional rights.

23.     Plaintiff is informed and believes, and thereon alleges, Defendants violated standard police practices and training during the performance of their duties as Albuquerque Police Officers.

24.     The actions and omissions of Defendant City, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 50, inclusive, were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers, detectives, and/or public officials, and pursuant to unconstitutional customs, policies and procedures of Defendant City and/or other jurisdictions.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendant City and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, inclusive. Their failure to discipline Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating

and/or ratifying with deliberate indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of Bernalillo County Citizens.

26.     Plaintiff is informed and believes, and thereon alleges, that members of the City of Albuquerque Police Department, including but not limited to, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, inclusive, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Plaintiff.

27.     Plaintiff is informed and believes, and thereon alleges, that the City of Albuquerque Police Department knew or had reason to know, by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

28.     At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and thereby, unlawful.

## DAMAGES

29.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was physically, mentally, emotionally, and financially, injured and damaged as a proximate result of Defendants' wrongful conduct.

30.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant

to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and

1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the U.S. Constitution - Excessive Force)**
**(Plaintiff REESE BENALLY Against Defendants BACA, WILENSKY, JOHNSON,**
**CORDOVA, and DOES 1-25)**

31.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through

30 of this Complaint.

32.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects,

or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding

for redress."

33.     Plaintiff has firmly established rights under the Fourth and Fourteenth Amendments to

be free from official infliction of physical abuse, assault, battery, and intentional infliction of

emotional distress, unreasonable search and seizure, and to be free from excessive force being used

against him.

34.     Defendants' actions as described herein resulted in the deprivation of these

constitutional rights.

35.     Defendants, acting in the performance of their official duties, used force against

Plaintiff that was unjustified, entirely unreasonable, and thereby, excessive.

36.     Plaintiff posed no credible threat of harm to Defendants Baca, Wilensky, Johnson, Cordova, or any officer or other, when Defendants fired lethal rounds from their semi-automatic pistols at Plaintiff without assessment, warning, or provocation.

37.     Defendants' conduct was grossly unjustified under the circumstances, and thereby, intolerable. Plaintiff was unarmed and committed no crime, and Defendants believed a suspect nearby to be armed with nothing more than a knife. Nonetheless, Defendants recklessly fired numerous lethal rounds at Plaintiff, striking him 6 times.

38.     There was no need for any of the force inflicted against Plaintiff. The use and extent of deadly force exercised by Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, when Plaintiff posed no threat of harm to officers or others was unjustified and constitutes a grossly unreasonable seizure under the Fourth Amendment.

39.     At no point did any Defendant Officer intervene to stop the other Defendant Officers from using deadly force on Plaintiff that was clearly excessive under the circumstances.

40.     In using excessive and unjustified force, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, were acting in accordance with the widespread informal practices and customs maintained by the City of Albuquerque Police Department.

41.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State of New Mexico, knew that the use of deadly force in these circumstances was unjustified, and was thereby illegal under clearly established law.

42.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer life-threatening physical injuries,

emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

43.     The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiff REESE BENALLY Against Defendants CITY and DOES 26-50)**

44.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 43 of this Complaint.

45.     On information and belief, the conduct of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, inclusive, individually and as peace officers, was ratified by Defendant City's police department supervisorial officers, Defendants DOES 26 through 50, inclusive.

46.     On information and belief, Defendants were not disciplined for using unjustified lethal force against Plaintiff, nor for their violations of department policy.

47.     Prior to, and continuing from, June 29, 2023, Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution in that said Defendants and their supervising and managerial commanders, employees, agents, and representatives, acted with gross negligence, and with reckless disregard and deliberate indifference to the rights and liberties of the public in general,

and of Plaintiff, and of persons in his class, situation, or comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and/or practice of:

a. Employing and retaining as police officers, detectives, and other personnel, including Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, individually and as peace officers; who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Albuquerque Police Department policies, including the use of excessive force and respecting the protections afforded to citizens under the Fourth Amendment;

b. Of inadequately supervising, training, controlling, assigning, and disciplining Defendant City police officers, detectives, and other personnel, including Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1 through 25, who Defendant City knew, or in the exercise of reasonable care, should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, who are police officers for Defendant City;

d. By failing to discipline Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, for their intolerable conduct, including but not limited to, unlawful seizures and excessive force;

e.  By ratifying the intentional misconduct of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, and other officers who are police officers of Defendant City;

f.  By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable articulable suspicion, and unjustifiably using excessive force, which also is demonstrated by the grossly inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful seizures and excessive force by Defendant City police officers.

48.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely harmed, traumatized, and sustained devastating, life-altering injuries, when Defendants Baca, Wilensky, Johnson, Cordova discharged numerous lethal rounds without provocation using department-issued semi-automatic pistols.

49.    Consequently, Plaintiff sustained physical, emotional, and financial injuries, whereby Plaintiff was subjected to extreme pain and suffering and lost earning capacity for which Plaintiff is entitled to recover damages. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified, such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and

13

consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

50.    By perpetrating, sanctioning, tolerating, and ratifying the heinous and outrageous conduct and other grossly wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions and inactions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive, and unconscionable to any person of normal sensibilities.

51.    Furthermore, the policies, practices and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligence)
### (Plaintiff REESE BENALLY Against Defendants CITY, BACA, WILENSKY, JOHNSON, CORDOVA, and DOES 1-50)

52.    Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 51 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

53.    The present action is brought pursuant to N.M. Stat. Ann. §§ 41-4-1 - 41-4-30. Pursuant to N.M. Stat. Ann. § 41-4-2, as public employees, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Baca, Wilensky, Johnson, Cordova,

and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, pursuant to N.M. Stat. Ann. § 41-4-12.

54.     Defendants, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force.  In pursuit of a suspect Defendants believed to be armed with nothing more than a knife, Defendants recklessly fired numerous shots near Plaintiff, disregarding all caution of striking innocent parties. Each trigger pull constitutes a use of deadly force, and Defendants' negligent use of deadly force toward a single suspect led to two innocent parties, including Plaintiff, suffering multiple gunshot wounds.

55.     Defendants acted negligently in their use of deadly force against Plaintiff, including but not limited to: (a) failing to secure the area Defendants believed the armed suspect to be occupying; (b) failing to warn Plaintiff of Defendants' belief that an armed and dangerous suspect was lurking the area; (c) failing to allow innocent bystanders, including Plaintiff, the opportunity to escape the impending gunfire; and (d) failing to give proper warnings and/or commands before exercising such a high level of force.

56.     Defendants knew, or should have known, that recklessly shooting numerous bullets in the vicinity of multiple persons will likely result in multiple persons suffering serious, life-threatening injuries as a result of the gunfire. Moreover, Defendants knew, or should have known, that a single person armed with nothing more than a knife, as the suspect Defendants were here pursuing, did not pose such a threat to officers or others to warrant the barrage of gunfire Defendants reigned down in a public place, occupied by innocent bystanders. Moreover, Defendants knew, or should have known,

that every shot fired from their weapon constitutes deadly force, and that using deadly force against a person who poses no credible threat to the safety of officers or others, such as Plaintiff, is unreasonable, excessive, and is thus, unconstitutional.

57.    Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25 acted negligently in their use of deadly force against Plaintiff, including but not limited to: (a) failing to secure the area Defendants believed an armed suspect to be occupying; (b) failing to warn innocent bystanders of the impending gunfire from Defendant Officers; (c) firing numerous bullets from semi-automatic weapons in the close vicinity of innocent bystanders, including Plaintiff; and (d) failing to provide Plaintiff any warning prior to Defendant Officers' uses of force as described herein.

58.    Furthermore, while Plaintiff lay on the ground immediately following the barrage of gunfire, Defendant Officers rushed to Plaintiff's position, turned him onto his stomach, and began placing him in handcuffs, all while aiming a gun at Plaintiff from 1-3 feet of his person.

59.    Additionally, Defendant Officers are liable for failing to intervene when fellow officers violate the constitutional rights of another.

60.    Defendant Officers negligently failed to intervene when Plaintiff's Fourth and Fourteenth Amendment rights were violated by Defendants when Defendant Officers discharged numerous lethal rounds toward Plaintiff, striking Plaintiff six times. Defendant Officers knew, or should have known, that failing to intervene when a fellow officer violates the constitutional rights of another, through use of excessive force or otherwise, is a breach of duty and exposes them to liability. It was clear that the use of force was excessive and was harming Plaintiff, yet none of the Defendant Officers intervened, or even attempted to intervene, at any point, which resulted in a

continued deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments, and subjected Plaintiff to immense physical and emotional suffering.

61.     Furthermore, Defendants City and DOES 26-50, inclusive, are liable for their failure to adequately supervise, hire, train, and/or discipline City of Albuquerque police officers, including Defendant Officers and DOES 1-25, inclusive, whereby Defendants City and DOES 26-50, knew, or in the exercise of reasonable care should have known, that Defendant Officers and DOES 1-25, acted negligently when Defendant Officers fired numerous of rounds from their department-issued semi-automatic pistols and by failing to intervene when other officers took action against Plaintiff that was in clear violation of his constitutional rights.

62.     Plaintiff was grievously harmed, and Defendants' negligence was a substantial factor in causing his harm.

63.     Defendants' negligent conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Battery/Assault)**
**(Plaintiff REESE BENALLY Against Defendants CITY, BACA, WILENSKY, JOHNSON, CORDOVA, and DOES 1-50)**

64.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 63 of this Complaint.

65.     While Plaintiff lay on the ground suffering from six gunshot wounds, Defendant Officers turned him over and began to place Plaintiff in handcuffs. Simultaneously, another Defendant Officer was pointing a gun at Plaintiff, within feet of his head.

66.    Defendant Officers touched Plaintiff with the intention and purpose to harm or offend him.

67.    Plaintiff did not consent to the touching and was permanently harmed by it.

68.    A reasonable person in Plaintiff's situation would have been offended by the touching.

69.    The present action is brought pursuant to N.M. Stat. Ann. §§ 41-4-1 - 41-4-30. Pursuant to N.M. Stat. Ann. § 41-4-2, as public employees, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, pursuant to N.M. Stat. Ann. § 41-4-12.

70.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

71.    The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

18

## FIFTH CAUSE OF ACTION
### (False Imprisonment)
### (Plaintiff REESE BENALLY Against Defendants CITY, BACA, WILENSKY, JOHNSON, CORDOVA, and DOES 1-50)

72.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 71 of this Complaint.

73.     Plaintiff was not the suspect of any crime, nor did he match the description of the individual suspect police were pursuing in the area.

74.     No behavior nor appearance of Plaintiff would have indicated reasonable suspicion of crime to a reasonable officer. Nonetheless, immediately after Plaintiff was struck 6 times by Defendant's gunfire, Defendant Officers placed Plaintiff in handcuffs while continuing to hold him at gunpoint.

75.     By placing Plaintiff in handcuffs while aiming a gun at him, Defendant Officers unlawfully interfered with Plaintiff's personal liberty and freedom of locomotion.

76.     The false imprisonment of Plaintiff was not done in good faith and Defendant Officers had no reason to believe in the validity and necessity of restraining Plaintiff, particularly in the manner conducted here by Defendant Officers.

77.     The present action is brought pursuant to N.M. Stat. Ann. §§ 41-4-1 - 41-4-30. Pursuant to N.M. Stat. Ann. § 41-4-2, as public employees, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the

acts and omissions of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, pursuant to N.M. Stat. Ann. § 41-4-12.

78.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

79.    The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff REESE BENALLY Against Defendants CITY, BACA, WILENSKY, JOHNSON, CORDOVA, and DOES 1-50)**

80.    Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 79 of this Complaint.

81.    Defendants' conduct as described herein was outrageous.

82.    Defendants intended to cause Plaintiff emotional distress.

83.    Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

84.    Plaintiff suffered severe emotional distress from Defendants' harassment and heinous conduct.

85.    The present action is brought pursuant to N.M. Stat. Ann. §§ 41-4-1 - 41-4-30. Pursuant to N.M. Stat. Ann. § 41-4-2, as public employees, Defendants Baca, Wilensky, Johnson,

Cordova, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Baca, Wilensky, Johnson, Cordova, and DOES 1-25, pursuant to N.M. Stat. Ann. § 41-4-12.

86.     Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

87.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, conscious pain and suffering, fear, trauma, and humiliation, and the loss of life and earning capacity, and further damages according to proof at the time of trial.

88.     The conduct of Defendants was willful, malicious, intentional, deliberate, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

89.     Plaintiff hereby demands a jury trial in this civil rights action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief, as follows:

1.      For general damages in a sum according to proof;

2.      For special damages in a sum according to proof;

3.      For punitive damages in a sum according to proof as to Defendants BACA, WILENSKY, JOHNSON, CORDOVA, and DOES 1-25;

4.      For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

5.      For any and all statutory damages allowed by law;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.


Dated: June 29, 2025                    **BURRIS NISENBAUM CURRY & LACY**

By: ___/s/ Julia N. Quesada_____
**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (844) 273-6873
dewitt@bncllaw.com
julia.quesada@bncllaw.com


*Attorneys for Plaintiff, Reese Benally*