IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REESE BENALLY,

    Plaintiff,

v.                                             No. 1:25-cv-00611-KG-LF

CITY OF ALBUQUERQUE, et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on Defendants City of Albuquerque, Baca, Johnson, and Cordova's joint motion to stay proceedings under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 ("SCRA"), Doc. 29. Plaintiff Reese Benally responded to the motion, Doc. 32, and Defendants replied, Doc. 33. For the reasons below, the motion is granted, and all proceedings are stayed until July 29, 2026, or until Defendant Wilensky's return to the United States, whichever is sooner. Defendant Wilensky's counsel shall promptly file notice with the Court upon his return.

## I.    *Background*

    This case arises out of an officer-involved shooting in Albuquerque, New Mexico. *See* Doc. 1 at 2. Plaintiff claims that at around midnight on June 29, 2023, Albuquerque police officers, including Defendants Baca, Wilensky, Johnson, and Cordova, arrived at a bus stop near the intersection of Lomas and Louisiana boulevards and "exited their patrol cars with their firearms drawn in the direction of" where Plaintiff was standing. *Id*. at 6. Plaintiff alleges that after yelling "drop the knife," officers opened fire, striking him and two other men. *Id.* Plaintiff, who claims he "was unarmed and had committed no crime," was shot six times resulting in

1

"hospitalization and surgery." *Id.* Based on this incident, Plaintiff filed a six-count complaint on June 30, 2025. *See generally* Doc. 1.

During the fall of 2025, Defendant Wilensky was deployed as a "member of the National Guard" to Africa "without the ability to make contact with his assigned counsel." Doc. 29 at 2. As a result, he has not appeared in this matter.

Because of Wilensky's deployment, Defendants City of Albuquerque, Baca, Johnson, and Cordova jointly move this Court to stay of the proceedings under the SCRA. *See* Doc. 29. They argue that a stay will promote judicial efficiency and protect "discovery efforts and the right to discovery from Mr. Wilensky necessary to pursue their own dispositive motion practice." *Id.* at 5. Specifically, moving Defendants assert that they will be unable "to raise a motion for summary judgment without an affidavit or declaration from Mr. Wilensky" or "raise their own motions for...qualified immunity without discovery from Mr. Wilensky." *Id.*

Plaintiff opposes the motion, arguing that it is "premature" to stay the litigation at this stage. Doc. 32 at 3. He also contends that the moving Defendants "are not entitled to the relief afforded to servicemembers under the SCRA." *Id.* Accordingly, he requests that the Court permit the litigation to continue. *Id.* at 4.

## II. Legal Standard

The SCRA authorizes "the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902(1). Relevant here, it provides two scenarios where courts "*shall* grant a stay" for at least ninety days. 50 U.S.C. § 3931(d) (emphasis added). First, a court shall grant a stay if it determines "there may be a defense to the action and a defense cannot be presented without the presence of the [servicemember] defendant." *Id.* A stay shall

2

also be granted if a court determines that "after due diligence, counsel has been unable to contact the [servicemember] defendant or otherwise determine if a meritorious defense exists." *Id.*

If a servicemember's codefendants are not military servicemembers, the plaintiff "may proceed against those other defendants with the approval of the court." 50 U.S.C. § 3935(b). In exercising its discretion, a court may consider "prejudice to the servicemember, prejudice to the plaintiff, and judicial economy." *Hale v. Chaves Cty. Bd. of Comm'rs*, 2014 WL 12792260, at *1 (D.N.M.).

### III.    *Analysis*

The Court grants Defendants' motion and stays all proceedings against Defendants. First, Defendant Wilensky is entitled to a stay. He is currently on active-duty service in another continent, has not been in contact with his counsel, and has not made an appearance in this matter. *See* Doc. 29-1 at 2. Because his counsel has been unable to contact him or "mount any defenses on his behalf," the SCRA entitles Defendant Wilensky to a stay of at least 90 days. *See id.* at 3; § 3931(d)(2).

The moving Defendants are also entitled to a stay. This action arises out of a single encounter between the Defendant officers and Plaintiff. The complaint does not distinguish between the actions of Defendants Baca, Wilensky, Johnson, and Cordova. *See generally* Doc. 1. As a result, the claims against Defendant Wilensky "are intertwined with those of the other defendants." *Reynolds v. Albuquerque Police Dep't*, 2022 WL 621548, at *3 (D.N.M.) (stayed all proceedings until return of officer defendant who was on active service). Without Defendant Wilensky's concurrent participation, all the Defendants may suffer unfair prejudice in effectively mounting a defense.

Plaintiff's counterarguments are unavailing.  He contends that "it supports judicial economy to allow [him] to engage in discovery" without Defendant Wilensky's participation. Doc. 32 at 5.  Not so.  Allowing Plaintiff to proceed against the non-service member Defendants would lead to duplicate hearings on discovery and scheduling matters, hampering judicial economy.  *See Hale*, 2014 WL 12792260, at *1 (noting that "judicial economy is served by keeping all parties in the same place in the litigation").  On balance, the factors weigh in favor of the Court exercising its discretion to stay the entirety of this action.

## IV.    Conclusion

For the reasons above, the motion, Doc. 29, is granted.  All proceedings are stayed until Wednesday, July 29, 2026, or until Defendant Wilensky's return from his current active-duty service obligation, whichever is sooner.  Defendant Wilensky's counsel shall file notice with the Court advising when he is available, at which time the case may proceed.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.